**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Lee Carson, | No. CV-17-01641-PHX-ROS (BSB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff has filed a "Request for Sanctions on Prison Officials Counsel pursuant to Federal Common Law and First Amendment." (Doc. 96.) The motion is fully briefed. (Docs. 154, 158.) For the reasons below, the Court denies the motion.

**I.     Background**

On May 26, 2017, Plaintiff filed his original complaint. (Doc. 1.) The Court screened the Complaint and ordered Defendants Ryan, Linderman, and Vicklund to answer Plaintiff's claims that he was denied a religious kosher diet in violation of the First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and that they have treated him differently than other similarly situated prisoners in violation of his equal protection rights. (Doc. 10 at 10.)

On March 19, 2018, Plaintiff moved to amend or supplement his Complaint to add five defendants: former Arizona Department of Corrections ("ADC") Librarian Hernandez, Legal Access Monitor Erwin, Contract Paralegal Ulibarri, Correctional Officer ("CO") III Richardson, and John Doe # 1 (Associate Deputy Warden Pitz), and to

add claims that his First Amendment right to "Free Speech" with his attorney was violated (Counts 14-18), his equal protection rights were violated (Count 19), and that Defendant Ryan, along with the proposed new Defendants, retaliated against him (Count 20). (Doc. 43.) Defendants responded to Plaintiff's motion on May 11, 2018. (Doc. 95.) In support of their response, Defendants filed a declaration from former ADC Librarian Hernandez, which included a November 15, 2017 letter from Elizabeth Callahan, a Certified Law Student at the Stanford Religious Liberty Clinic. (Doc. 95-1 at 2-75.) In his pending motion for sanctions, Plaintiff claims that Defendants and their attorney violated his "attorney-client Free Speech Communication" when they reproduced the November 15, 2017 letter and filed it with the Court. (Doc. 96.) Plaintiff asks the Court to strike or seal the letter, and to sanction the Defendants and their attorney for acting in bad faith. Defendants oppose the motion. (Doc. 154.)

**II. Motion for Sanctions**

**A. Rule 11**

Plaintiff does not specifically rely on Rule 11 of the Federal Rules of Civil Procedure to support his motion for sanctions. (Doc. 96.) However, even if the Court were to construe Plaintiff's motion as seeking Rule 11 sanctions, it would decline to award such sanctions for the reasons below.

Rule 11 prohibits "'frivolous filings' and the use of judicial procedures as a tool for 'harassment.'" *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987) (citation omitted). Rule 11(c) provides that federal courts may impose sanctions on any attorney or party who, "after notice and an opportunity to respond," has violated any of the provisions of Rule 11(b). Fed. R. Civ. P. 11(c)(1). Rule 11 provides a specific procedure for bringing a motion for sanctions. In particular, the movant must serve the proposed motion for sanctions on the party against whom sanctions are sought, and then may file the motion with the court, 21 days after service of the proposed motion, if the allegedly noncompliant filing, "claim, defense, contention, or denial" is not "withdrawn or appropriately corrected" within that period. Fed. R. Civ. P. 11(c)(2). "These

provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another's party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998) (internal quotation marks omitted)).

Defendants assert that the Court should deny Plaintiff's motion for sanctions because he did not comply with the safe harbor provision of Rule 11. Plaintiff does not dispute that he did not comply with the procedural requirements for bringing a Rule 11 motion.[1] (Doc. 158 at 9.) Because Plaintiff did not comply with Rule 11, to the extent that Plaintiff relies on Rule 11, the motion for sanctions is denied.

## B. The Court's Inherent Authority

A court has the inherent power to sanction a party or its attorney for "abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Plaintiff argues that the Court should sanction Defendants and their counsel for violating his "right to confidential free speech with his counsel" by filing a copy of his correspondence with his counsel in this Court.[2] (Doc. 96 at 1 (citing Doc. 95-1 at 70-71).) The "'right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition.'" *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 611 (9th Cir. 2005) (quoting *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000)).

In her declaration submitted in response to the motion for sanctions, Defendant Hernandez states that on November 21, 2017, Plaintiff submitted a Request/Authorization for Non-Qualified/Non-Legal Copying seeking copies of over 600 pages of documents,

---

[1] Plaintiff, instead, states that he needs counsel to assist with his case. (Doc. 158 at 9.) The Court has denied Plaintiff's previous request for appointment of counsel (Doc. 156), and Plaintiff has not provided any basis for the Court to reconsider that ruling or to appoint counsel at this point.

[2] Plaintiff's motion refers to Zeba Hug with the "Legal Mills Clinic." (Doc. 96 at 1.) However, the document he cites is a November 15, 2017 letter to Plaintiff from Elizabeth Callahan, a Certified Law Student at the Stanford Religious Liberty Clinic. (Doc. 95-1 at 70-71.) Zeba Hug is copied on letter as the "Clinical Supervising Attorney." (*Id*. at 71.)

including 561 pages of "religious documents requested by attorney." (Doc. 154, Ex A at ¶ 5.) Upon receiving Plaintiff's request, Hernandez asked Plaintiff why he needed over 600 pages copied. (*Id.* at ¶ 6.) Plaintiff responded that the copies were for his attorney and told Hernandez to read the November 15, 2017 letter from the Stanford Religious Liberty Clinic ("the Clinic"). (*Id.*) Hernandez states that she read the letter and told Plaintiff that it did not appear that the Clinic wanted copies of the documents that he was requesting. (*Id.* at ¶ 7.)[3] Hernandez states that Plaintiff insisted that he needed the copies that he had requested, and told her to call the Clinic to confirm. (Doc. 154, Ex. A at ¶ 7.) Hernandez states that she called the Clinic and copied the letter for her "personal file" to document her interactions with Plaintiff and her call with the Clinic. (*Id.* at ¶ 8.)

Defendants argue that the November 15, 2017 letter was not protected by attorney-client privilege and, alternatively, Plaintiff waived any privilege by providing the letter to Hernandez. (Doc. 154 at 4.) Plaintiff asserts that "ADC policy" required him to show "documentation to [the] librarian that his requests for copies are actually being made for counsel with the names and addresses of said counsel." (Doc. 158 at 3.) Plaintiff asserts that his compliance with this policy did not automatically waive his attorney-client privilege in the letter. (*Id.*) Plaintiff also asserts that he is not claiming a violation of the attorney-client privilege, but instead is asserting a First Amendment violation. The Court, therefore, will not consider whether to impose sanctions based on Plaintiff's allegation that Defendants violated the attorney-client privilege by filing the November 15, 2017 letter. The Court also declines to consider sanctions based on an alleged violation of the First Amendment, as set forth below.

In his proposed Amended Complaint, Plaintiff alleges that Defendant Hernandez violated his First Amendment rights by reading his legal mail and determining what materials to copy and provide to counsel. (*See* Doc. 163 at 5-6.) In an Order and Report and Recommendation that screened the proposed Amended Complaint, the assigned

---

[3] The letter stated that Plaintiff had contacted the Clinic about his concern with his kosher diet, in response the Clinic asked Plaintiff to respond to twelve questions, and asked Plaintiff to provide copies of his grievances showing that he had exhausted his administrative remedies. (Doc. 95-1 at 71.)

- 4 -

magistrate judge recommended that the Court order Defendant Hernandez to respond to that claim. (Doc. 163 at 10.) That recommendation is pending a ruling. Because Plaintiff states that he is not claiming a violation of his attorney-client privilege in the pending motion for sanctions, and the merits of Plaintiff's First Amendment claim against Defendant Hernandez is asserted in the proposed Amended Complaint, Plaintiff's request for sanctions against Defendants based on the same alleged First Amendment violation is redundant. Therefore, the Court will not assert its inherent authority to sanction Defendants and will deny the motion for sanctions. Additionally, as discussed below, the Court finds no bad faith on the part of counsel and, therefore, denies the request for sanctions against counsel.

### C. 18 U.S.C. § 1927

Liberally construing the motion for sanctions, the Court finds that Plaintiff seeks sanctions pursuant to 18 U.S.C. § 1927. (Doc. 96 at 2 (citing *Gomez v. Vernon*, 255 F.3d 1118, 1131-34 (9th Cir. 2001) (affirming sanctions under 18 U.S.C. § 1927).) Section 1927 provides that the Court may sanction any attorney who vexatiously multiplies proceedings:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

18 U.S.C. § 1927. However, sanctions under § 1927 "must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, . . . or argues a meritorious claim for the purposes of harassing an opponent. . . . ." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). In the Ninth Circuit, "section [1927] authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

Plaintiff asserts that it "is beyond [his] comprehension" how Defendants' counsel was able to file the November 15, 2017 letter with the Court. (Doc. 96 at 1.) In her declaration submitted with Defendants' response to the motion for sanctions, Defendants' attorney states that the ADC staff provided the in response to her request for documents to respond to Plaintiff's motion to amend. (Doc. 154, Ex. B at ¶ 3.) Defendants' counsel states that, at that time, she understood that any attorney-client privilege had been waived when Plaintiff provided the letter to Defendant Hernandez to read and when Plaintiff told Defendant Hernandez to contact the Clinic. (*Id.* at ¶ 5.) Counsel further states that in preparing the response to the motion for sanctions, she learned that Defendant Hernandez made a copy of the letter to use to record notes of her conversation with the Clinic. (*Id.* at ¶ 6.) Defendant Hernandez put the copy of the letter in her personal file to document her communications with Plaintiff in case he filed a complaint or grievance and she was required to respond. (*Id.*) Defendant Hernandez stated that her usual practice was to shred documents in her personal filed every six months to twelve months if no issues arose from the interaction to which her documents pertained. (Doc. 154, Ex. A at ¶ 9.) Defendants' counsel states that she was not aware that the letter attached to Defendant Hernandez's declaration came from her personal file. (*Id.* at ¶ 10.)

In *Gomez*, the court upheld the imposition of sanctions on state prison officials and their attorneys under § 1927 based on the district court's finding that "[u]nnecessary litigation was created by the series of events of secretly acquiring, reading, retaining, sharing information with representatives of [the Department], and using the information for potential tactical advantage instead of promptly notifying opposing counsel and/or submitting the documents to the Court. . . . ." *Gomez*, 255 F3d at 1134-35. Unlike *Gomez*, there is no evidence that Defendants' counsel authorized or encouraged any ADC staff, including Defendant Hernandez, to copy the November 15, 2017 letter. (Doc. 154, Ex. B at ¶ 8.) Additionally, aside from Plaintiff's motion for sanctions, unnecessary litigation has not resulted from Defendants' filing of the November 15, 2017 letter. Upon review of the briefing on the motion for sanctions, the Court finds no basis to conclude

that Defendants' counsel acted in bad faith in filing the letter in support of Defendants' response to Plaintiff's motion to amend.

Plaintiff also asserts that by obtaining the November 15, 2017 letter, Defendants "obtained an unfair advantage in defending themselves against" his claims. (Doc. 96 at 4.) The letter, however, does not discuss Plaintiff's claims related to his "kosher diet concern" with any particularity or discuss litigation strategy. (Doc. 95-1 at 70-71.) Rather, its asks Plaintiff to provide background information related to his "kosher diet concern," including how Plaintiff became a member of his faith, what kind of meals the prison provided him, and similar information. (*Id.*) The letter starts by stating that the Clinic "would like to understand your situation better" and concludes by stating that "to be clear, [the Clinic is] writing to learn more about your case. ***We are not offering to take on your case at this point***." (*Id.* at 71) (emphasis in original). The letter was general in nature and did not include any information specific to Plaintiff's claims that gave Defendants any type of advantage in this case.

Plaintiff asks the Court to strike or seal the letter. (Doc. 96 at 2.) The letter does not disclose any personal or private information about Plaintiff. At most, it indicates that he had filed a lawsuit in an unidentified court about his "kosher diet concerns." (*Id.* at 70-71.) By the time the letter was filed in this Court, in May 2018, Plaintiff's lawsuit had been pending in this Court for nearly a year and his allegations regarding his kosher diet were included in his Complaint and other public filings in this Court. Thus, nothing in the content of the letter indicates that it should be placed under seal or struck from the record. *See* LRCiv. 5.6(b); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (stating that to file a document under seal, the party seeking to file the sealed document generally must satisfy a "compelling reasons" standard).

**III. Conclusion**

Upon review of the briefing on the motion for sanctions and of the November 15, 2017 letter at issue in Plaintiff's motion, the Court finds no basis to enter any of the sanctions that Plaintiff requests against Defendants or their attorney.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's "Request for Sanctions on Prison Officials Counsel pursuant to Federal Common Law and First Amendment" (Doc. 96) is **DENIED**.

Dated this 5th day of September, 2018.

Bridget S. Bade
United States Magistrate Judge

---

[4] Plaintiff suggests that Defendants' counsel violated *Brady v. Maryland*, 373 U.S. 83 (1963) because she failed to disclose the November 15, 2017 letter to him during discovery. (Doc. 96 at 5.) Plaintiff's assertion lacks merit because the *Brady* disclosure rule applies in criminal matters and has not been extended to civil cases. *Millspaugh v. Cnty. Dept. of Pub. Welfare of Wabash Cnty.*, 937 F.2d 1172, 1175 n.† (7th Cir. 1991) (stating that "[t]here is so far no parallel to *Brady* in civil litigation.").