**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Lee Carson, | No. CV-17-01641-PHX-ROS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

In 2017, Plaintiff Phillip Lee Carson initiated this case, alleging his constitutional rights were violated when he was not provided with kosher meals. In December 2019, Plaintiff and Defendants Charles L. Ryan, Michael Linderman, Kenneth Herman, James Vicklund, Terry Hernandez, and Julia Erwin stipulated to a dismissal with prejudice "in accordance with the terms of the Settlement Agreement and Release entered into by the parties and the STATE OF ARIZONA on November 19, 2019," and all claims against those defendants were subsequently dismissed with prejudice. (Docs. 388, 392.) At that point, the only remaining claim was a First Amendment claim against Defendant Ulibarri regarding Carson's legal mail. (Docs. 385, 394.) In April 2020, Carson and Defendant Ulibarri settled the one remaining claim; the parties agreed to a stipulated dismissal on May 8, 2020, and the case was then dismissed with prejudice. (Docs. 422, 425.)

Carson now complains of changes to his diet, specifically that he is no longer served kosher meat and instead is served vegan meals. Carson filed a "motion for leave of the court to request a court certified copy of the settlement hearing in this case" (Doc. 426),

which was denied. (Doc. 427.) Carson filed a motion for reconsideration of that order (Doc. 428), which was denied. (Doc. 432.) Pending before the Court is Carson's appeal of that order (Doc. 439); a motion for default or sanctions (Doc. 438); a motion requesting the transcript of the "November 19, 2019 hearing" (Doc. 440); and a request as to the status of his appeal (Doc. 444).

When a party timely files objections to a magistrate judge's order resolving a nondispositive matter, the Court must "consider" the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). The one-sentence order reads, in its entirety, "**IT IS ORDERED that** Plaintiff's motion for reconsideration at ECF No. 428 is **denied**, as the settlement reached by Plaintiff and Defendants did not involve any injunctive relief, specifically with regard to Plaintiff's prison diet. *See* ECF No. 431, Exh. 1."

The magistrate judge did not err in holding that the settlement agreement did not involve any injunctive relief. The case was resolved for money only, as set forth in the settlement agreement:

> It is understood and agreed that the sums set forth above, paid to Plaintiff, is in part to compensate him for unknown injuries and/or damages that may be discovered in the future. Plaintiff further agrees that Plaintiff has accepted payment of the sums specified herein as a complete compromise of all matters involving disputed issues of law and fact. Plaintiff assumes the risk that the facts or law may be other than Plaintiff believes.

(Doc. 431-1 at 3.) Carson now argues his consent to settle the case was conditioned on an "Oral Agreement that he 'would' sign [the] Settlement Agreement if meat & cheese (kosher items) were added to [the] store list along with a Kosher diet," and the change to a vegan diet therefore breached the implied oral contract. (Doc. 439 at 3.) In Arizona, "[w]hen parties bind themselves by a lawful contract, a court must give effect to that contract *as written* if the terms are clear and unambiguous." *Longnecker v. Am. Exp. Co.*, 23 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) (quoting *Mechanical Air Eng'g Co. v. Totem Const. Co.*, 801 P.2d 426, 427–28 (Ariz. Ct. App. 1989)) (emphasis added). Extrinsic

evidence may be used only for "contract interpretation" and may not be used "to vary or contradict a final agreement." *Arizona v. Tohono O'odham Nation*, 818 F.3d 549, 561 (9th Cir. 2016) (quoting *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1317 (9th Cir. 1997)); *see Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139 (1993) ("[T]he judge may properly decide not to consider certain offered evidence because it does not aid in interpretation but, instead, varies or contradicts the written words."). Here, the written settlement agreement clearly and unambiguously stated that Carson "accepted payment" of money only "as a complete compromise of all matters," and assumed "the risk that the facts or law may be other than" what he believed. (Doc. 431-1 at 3.) The Court, having considered Carson's objections, does not find "any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). And the motion requesting a status update (Doc. 444) is denied as moot.

Carson's motion for sanctions argues Defendants failed to file a timely response to his motion for reconsideration. (Doc. 438.) Defendants' response was timely, and the motion is denied. (Doc. 430.) Finally, Carson requests the transcript of the "November 19, 2019 hearing," which was a settlement conference. (Doc. 440) The order referring the matter for settlement provided "All communications and information exchanged during the settlement process, not otherwise discoverable, will not be admissible in evidence for any purpose." (Doc. 348.) Contrary to Carson's assertion, the Court and Defendants are not "arguing the interpretation and implications within the 'minutes' just between the two as 'Ex Parte.'" (Doc. 440.) The motion is denied.

Accordingly,

**IT IS ORDERED** Plaintiff's Request for District Court Judges' Review of Magistrate's Order (Doc. 432) (Doc. 439) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Default or Sanctions (Doc. 438) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for November 19, 2019 Hearing Minutes (Doc. 440) is **DENIED**.

1      **IT IS FURTHER ORDERED** Plaintiff's Motion for Status (Doc. 444) is **DENIED**

2  **AS MOOT**.

3      Dated this 16th day of October, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge